1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9   Victor O. Dema, on his own behalf and on)      No. CV-08-0900-PHX-LOA
    behalf of his juvenile daughter, Jane Doe,)
10                                           )      **NOTICE OF ASSIGNMENT,**
                 Plaintiff,                  )      **ORDER AND ORDER TO**
11                                           )      **SHOW CAUSE**
    vs.                                      )
12                                           )
                                             )
13   State of Arizona,                       )
                                             )
14               Defendant.                  )
                                             )
15   _____)

16
                   This matter arises on the Court's review of the file.
17
                                    **BACKGROUND**
18
                   On May 9, 2008, Plaintiff Victor O. Dema ("Dema") filed a pleading entitled
19
     "Petition for Removal," pursuant to 28 U.S.C. § 1446(b), seeking removal of apparently
20
     open and non-final juvenile dependency (JD507198) and, perhaps, juvenile delinquency
21
     (JV542457) proceedings pending in the Maricopa County Superior Court, Juvenile Division,
22
     regarding Jane Doe,[1] age 14 years. (docket # 1; Exhibit 1, at 16-24)  Neither the Complaint
23

24   _____
               [1] Jane Doe is a fictitious name and is used herein to protect the true identity of the
25   juvenile in deference to Arizona law. See, Arizona Revised Statute ("A.R.S.") 8-208(F)
     ("Except as otherwise provided by law, the records of an adoption, severance or **dependency**
26   proceeding shall not be open to public inspection.") and (G) ("The court may order that the
     records be kept confidential and withheld from public inspection if the court determines that
27   the subject matter of any record involves a clear public interest in confidentiality."). A.R.S.§
     8-208(F) and (G) (emphasis added).
28

nor its Conclusion is clear as to the relief Plaintiff seeks in this lawsuit except for Plaintiff's vague claim that the State is "depriv[ing] Juvenile Parent of His Civil rights[]" and a general objection to the State's interference in his parental "liberty interest in the care, custody and management" of his child.  (*Id*. at 4, 14)  The Petition for Removal alleges that the minor child is being "held unlawfully in state custody pursuant to Title 28 U.S.C.A. § 2254" and provides details about the minor child that are very private in nature. (*Id*. at 6, 8, 10 - 11) "Traditionally, juvenile proceedings have been confidential." *In the Matter of the Appeal in Maricopa County Juvenile Action No. JV-132744*, 188 Ariz. 180, 182, 933 P.2d 1248, 1250 (Ariz.Ct.App. 1996). Neither the Petition nor its attached, unnumbered exhibit (Dependency Petition) were filed under seal.

Pro se Plaintiff, a frequent filer in federal court,[2] alleges that subject-matter jurisdiction exists in federal court pursuant to "the due process clause" because the State of Arizona, by seeking "to affect relationship of parent and child in furtherance of 'legitimate' state interest," with "implications under title 42 U.S.C. § 1983." (*Id*. at 2)  It is unclear if Plaintiff, likely a non-lawyer,[3] is attempting to represent the juvenile by seeking habeas corpus relief. Likewise, it is unclear whether the referenced juvenile delinquency proceedings are final or are on-going in the Maricopa County Superior Court and whether Plaintiff is attempting to remove the juvenile delinquency proceedings to federal court. (*Id*. at 8).

---

[2] In addition to this case, Plaintiff has four (4) open cases in the United States District Court for the District of Arizona, Phoenix Division: CV-07-0472-PHX-FMJ; CV-07-0726-PHX-DGC (LOA); CV-07-2441-PHX-DGC (LOA); and CV-08-0359-PHX-DGC (LOA). On May 18, 2006, Plaintiff attempted to remove a State prosecution of misdemeanor charges to this federal court in CR-06-503-PHX-EHC.  It was dismissed without prejudice on July 17, 2007 as untimely filed because Plaintiff filed his Petition "almost two years after he was *convicted*." (docket # 8) (emphasis in original)

[3] Whether Plaintiff will be permitted to represent the juvenile in this federal lawsuit will be addressed in the Court's order on Plaintiff's Motion to Proceed *In Forma Pauperis*, filed on May 9, 2008.

**REMOVAL**

Title 18 U.S.C. § 1446 (a) and (b) provide as follows:

(a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a **short and plain statement of the grounds for removal, together with a copy of all process, pleadings**, and orders served upon such defendant or defendants in such action.

(b) The notice of removal of a **civil action** or proceeding shall be filed **within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading** setting forth the claim for relief upon which such action or proceeding is based, or **within thirty days** after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed **within thirty days after receipt by the defendant, through service or otherwise,** of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

Title 18 U.S.C. § 1446 (a) and (b) (emphasis added). Title 28 U.S.C. § 1446(c)(1) provides that "[a] notice of removal of a criminal prosecution shall be filed not later than thirty days after the arraignment in the State court, or at any time before trial, whichever is earlier . . . ." This provision requiring a petition to be filed before trial "is imperative and mandatory, must be strictly complied with, and is to be narrowly construed." *United States ex rel. Walker v. Gunn*, 511 F.2d 1024, 1026 (9th Cir. 1975); *State of New Jersey v. Chesimard*, 555 F.2d 63, 65 (3d Cir. 1977).

Plaintiff's Petition for Removal alleges the State's Dependency Petition in JD507198, docket # 1; Exhibit 1, at 16-24, was served upon Plaintiff on April 11, 2008. (docket # 1 at 1) Presumably, it is a non-final proceeding. If Plaintiff is also attempting to remove any open or closed juvenile delinquency proceedings on the juvenile's behalf, he shall comply  with 18 U.S.C.§ 1446 and shall set forth in the First Amended Complaint when the juvenile may have had her arraignment and trial (adjudication hearing), when she

1  may have been served with process, all case numbers in which removal is being attempted

2  and attach as exhibits the required pleadings.

3  **JURISDICTION**

4  **A. Voluntary Consent to Magistrate-Judge Jurisdiction**

5  Pursuant to Local Rule ("LRCiv") 3.8(a), Rules of Practice, effective

6  December 1, 2007, all civil cases are, and will be, randomly assigned to a U.S. district judge

7  or to a U.S. magistrate judge. This matter has been assigned to the undersigned U.S.

8  Magistrate Judge.

9  As a result of the aforesaid Local Rule and assignment, if all parties consent

10  in writing, the case will remain with the assigned Magistrate Judge pursuant to 28 U.S.C.

11  636(c)(1) for all purposes, including trial and final entry of judgment. If any party chooses

12  the district-judge option, the case will be randomly reassigned to a U.S. district judge or

13  reassigned to a particular district judge per the Local Rules.  To either consent  to the

14  assigned magistrate judge or to elect to have the case heard before a district judge, the

15  appropriate section of the form, entitled Consent To Exercise Of Jurisdiction By United

16  States Magistrate Judge[4], must be completed, signed and filed. The party filing the case or

17  removing it to this Court is responsible for serving all parties with the consent forms. Each

18  party must file a completed consent form and certificate of service with the Clerk of the

19  Court not later than 20 days after entry of appearance, and must serve a copy by mail or hand

20  delivery upon all parties of record in the case.

21  Any party is free to withhold consent to magistrate judge jurisdiction

22  without adverse consequences.  28 U.S.C. 636(c)(2); Rule 73(b), Fed.R.Civ.P.; *Anderson v.*

23  *Woodcreek Venture Ltd.*, 351 F.3d 911, 913-14 (9th Cir. 2003) (pointing out that consent is

24

25  [4]A copy of the consent/election form was mailed to Plaintiff on May 12, 2008. It may

26  also be obtained from the District of Arizona's website at www.azd.uscourts.gov.  To find
   the consent/election form on the District's web site, click on "Local Rules" at the top of the

27  page, then click on "Forms" on the left side of the page and then click on and print the

28  appropriate form.

the "touchstone of magistrate judge jurisdiction" under 28 U.S.C. §636(c).  "A party to a federal civil case has, subject to some exceptions, a constitutional right to proceed before an Article III judge."   *Dixon v. Ylst*, 990 F.2d 478, 479 (9th Cir. 1993) (citing *Pacemaker Diagnostic Clinic of Am. Inc. v. Instromedix, Inc.*, 725 F.2d 537, 541 (9th Cir. 1984) (*en banc*)).

Plaintiff shall have until on or before **Friday**, **May 30, 2008** within which to make his selection to either consent to magistrate judge jurisdiction or elect to proceed before a United States district judge.  A copy of the appropriate consent form including written instructions were mailed to Plaintiff by the Clerk's office.

**B. *Rooker-Feldman* and *Younger* Doctrines Limiting Federal Jurisdiction**

A federal district court is a court of limited jurisdiction, and the burden of establishing jurisdiction is on the party claiming jurisdiction. *McNutt v. General Motors Acceptance Corp*., 298 U.S. 178, 182-183 (1936). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stevedoring Servs. of Am., Inc. v. Eggert*, 953 F.2d 552, 554 (9th Cir.1992) (quoting *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir.1989)). "A [district] court has an obligation to inquire *sua sponte* into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting." *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 665 (9th Cir. 2003*)*.

The *Rooker-Feldman* doctrine examines whether a federal district court has the jurisdiction to review the final decisions of state courts. District courts generally lack the authority to review state judgments pursuant to 28 U.S.C. § 1257, since only the United States Supreme Court has such jurisdiction. *Rooker v. Fidelity Trust Co*., 263 U.S. 413, 415 (1923); *District of Columbia Ct. of App. v. Feldman*, 460 U.S. 462 (1983). The *Rooker-Feldman* doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in "which a party losing in state court" seeks "what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights. *Doe v. Mann*,

415 F.3d 1038, 1041 (9th Cir. 2005) ("In simple terms, '[u]nder *Rooker-Feldman*, a federal district court is without subject matter jurisdiction to hear an appeal from the judgment of a state court.'").

The Ninth Circuit has very recently confirmed "that '[t]he clearest case for dismissal based on the *Rooker-Feldman* doctrine occurs when a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." *Reusser v. Wachovia Bank, N.A.*, ___ F.3d ___, 2008 WL 1970349, * 2 (9th Cir. 2008). "A federal action constitutes such a *de facto* appeal where 'claims raised in the federal court action are inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules.' " *Id.* at * 3 (citing *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003)).

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings" and held that a federal court should not enjoin pending state criminal proceedings and, therefore, should abstain from hearing the suit. *H.C. v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000) (citation omitted). "Absent extraordinary circumstances, *Younger* abstention is required if the state proceedings are (1) ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." *Id.* The *Younger* principle applies to both criminal and civil proceedings in which important state interests are involved. *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 367-68 (1989); *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 13 (1987).

The Ninth Circuit has held that "a parent has a constitutionally protected liberty interest in the companionship and society of his or her child." *Kelson v. City of Springfield*, 767 F.2d 651, 655 (9th Cir. 1985) (holding parents, who alleged school officials violated parents' protected liberty in continued association with child when school officials allowed their son to commit suicide, could maintain a section 1983 action to vindicate their fundamental parental rights guaranteed by the Ninth Amendment and their right to

association with their son guaranteed by the First Amendment, *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986)); *Smith v. City of Fontana*, 818 F.2d 1411, 1418 n. 9 (9th Cir. 1987); *Morrison v. Jones*, 607 F.2d 1269, 1276 (9th Cir. 1979), *cert. denied*, 445 U.S. 962 (1980) (when county officials  removed a mentally ill boy from his mother's custody on the ground that she could not adequately care for him, the mother could bring a section 1983 action for damages to vindicate her "substantive familial rights that have long been considered the 'basic civil rights of man. ")

   Nevertheless, claims related to on-going juvenile proceedings in state court are properly dismissed in federal court pursuant to *Younger* abstention. *Moore v. Sims*, 442 U.S. 415 (1979) (*Younger* abstention appropriate in context of state child removal proceedings due to allegations of child abuse); *Safouane v. Fleck*, 226 Fed. Appx. 753, 758-59 (9th Cir.  2007) ("There does not seem to be a genuine dispute between the parties that at the time this action was filed, proceedings regarding two of the minor children were pending in the state court, *In re Dependency of A.S.*, 101 Wash.App. 60, 6 P.3d 11 (2000); Order of Dependency, Cause No. 99-7-01849-2 KNT, entered August 19, 1999, or that the Safouanes had the opportunity to raise their claims in those proceedings. The claims seeking injunctive or declaratory relief related to those proceedings were subject to dismissal pursuant to *Younger* abstention.")); *contra*, *Dwayne B. v. Granholm*, 2007 WL 1140920 (E.D. Mich. 2007).

   As discussed below, Plaintiff will also be required to timely file a First Amended Complaint which shall set forth, among others, a basis for federal jurisdiction of Plaintiff's case.[5] Plaintiff is forewarned that failure to allege an independent basis for federal

---

  [5] Federal courts have subject-matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Title 28 U.S.C. § 1343 is invoked with 42 U.S.C. § 1983 because § 1983, a civil rights statute, provides a cause of action and § 1343 gives the federal courts jurisdiction to hear cases arising under the civil rights statutes. *Dahl v. City of Palo Alto*, 372 F.Supp. 647, 650 n. 5 (N.D.Cal. 1974). To state a claim under § 1983, a plaintiff must allege a violation of rights secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by persons acting under the color of state law. *West v. Atkins*, 487 U.S. 42 (1988).

1   jurisdiction of this case may result in the dismissal of  this lawsuit. Rule 12(h)(3), FED.R.

2   CIV.P. ("If the court determines at any time that it lacks subject-matter jurisdiction, the court

3   must dismiss the action.").

4                                   **FIRST AMENDED COMPLAINT**

5              Federal Rule 8(a) of the Federal Rules of Civil Procedure provides in pertinent

6   part:

7              Claims for Relief. A pleading that states a claim for relief must contain:

8              (1) a **short and plain statement** of the **grounds** for the court's
               **jurisdiction**, unless the court already has jurisdiction and the claim
9              needs no new jurisdictional support;

10             (2) a **short and plain statement** of the **claim** showing that the pleader
               is entitled to relief; and

11             (3) a **demand for the relief sought**, which may include relief in the
12             alternative or different types of relief.

13   Rule 8(a), FED.R.CIV.P. (emphasis added).

14             Even though *pro se* pleadings are held "to less stringent standards than formal

15   pleadings drafted by lawyers," *pro se* litigants must become familiar, and comply, with the

16   Rules of Civil Procedure ("FED.R.CIV.P.") and the Local Rules of Practice for the District

17   Court for the District of Arizona ("LRCiv"). *Carter v. Commissioner of Internal Revenue*,

18   784 F.2d 1006, 1008 (9th Cir. 1986); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

19   Litigants proceeding *pro se* "must meet certain minimal standards of pleading." *Holsey v*

20   *Collins*, 90 F.R.D. 122, 128 (D. Maryland, 1981). "A complaint [or petition] that . . . fails to

21   plainly and concisely state the claims asserted and fails to give the dates and places of the

22   alleged events of which the plaintiff complains, falls short of the liberal and minimal

23   standards set out in  Rule 8(a)." *Walton v Shanelec*, 19 F. Supp. 2d 1209, 1210 (D. Kansas

24   1998).  Plaintiff must set forth a "short" but specific facts establishing the basis for each

25   defendant's liability. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.1980).

26             "A *pro se* litigant must be given leave to amend his or her complaint unless it

27   is absolutely clear that the deficiencies of the complaint could not be cured by amendment."

28

1   Henderson v. Alexander & Baldwin, Inc., 2007 WL 3332067 (D. Hawaii 2007) (citing *Noll*
2   *v. Carlson*, 809 F.2d 1446, 1448 (9th Cir.1987), *superceded by statute*, *Lopez v. Smith*, 203
3   F.3d 1122, 1126-30 (determining that a district court retains its discretion to dismiss a pro
4   se prisoner's in forma pauperis complaint with or without leave to amend under the Prisoner's
5   Litigation Reform Act)). Plaintiff will be ordered to file a First Amended Complaint that
6   complies in all aspects with this Order, Rule 8(a), FED.R.CIV.P., and Local Rules of Practice
7   or this lawsuit may be dismissed without prejudice for failing to comply with court orders.
8   *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (trial courts have the inherent power
9   to control their dockets and in the exercise of that power they may impose sanctions
10  including, where appropriate, dismissal of a case). "District courts have inherent power to
11  control their dockets and may impose sanctions, including dismissal, in the exercise of the
12  discretion." *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992).

13  **D. *Pro se* Representation**

14    Because Plaintiff is *pro se* and, therefore, is representing his own interests, the
15  Court expressly advises him that the United States Supreme Court has made clear that federal
16  "judges have no obligation to act as counsel or paralegal to pro se litigants" because requiring
17  trial judges to explain the details of federal procedure or act as the *pro se's* counsel "would
18  undermine [federal] judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225,
19  226-227 (2004). "A [*pro se* litigant] does not have a constitutional right to receive personal
20  instruction from the trial judge on courtroom procedure" and that "the Constitution [does not]
21  require judges to take over chores for a *pro se* [litigant] that would normally be attended to
22  by trained counsel as a matter of course." *Id*. (citing *Martinez v. Court of Appeal of Cal.,*
23  *Fourth Appellate Dist*., 528 U.S. 152, 162 (2000)).

24    Accordingly,

25    **IT IS ORDERED** that on or before **Friday**, **May 30, 2008** Plaintiff shall
26  file his written election to either consent to magistrate judge jurisdiction or elect to proceed
27  before a United States district judge.

28

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon the Defendant the appropriate consent form.

**IT IS FURTHER ORDERED** that Defendant shall either consent to magistrate judge jurisdiction or elect to proceed before a district judge within twenty (20) days of Defendant's formal appearance herein.

**IT IS FURTHER ORDERED** that Plaintiff shall file a First Amended Complaint on or before **Friday**, **May 30, 2008** that complies in all aspects with this Order, Rule 8(a), FED.R.CIV.P., and the Local Rules of Practice or this lawsuit may be dismissed without prejudice.

**IT IS FURTHER ORDERED** that counsel and any party, if unrepresented, shall hereinafter comply with the Rules of Practice for the United States District Court for the District of Arizona, as amended on December 1, 2007.  The District's Rules of Practice may be found on the District Court's internet web page at www.azd.uscourts.gov/.  All other rules may be found as www.uscourts.gov/rules/.  The fact that a party is acting *pro se* does not discharge this party's duties to "abide by the rules of the court in which he litigates." *Carter*, 784 F.2d at 1008.

**IT IS FURTHER ORDERED** that counsel and any party, if unrepresented, shall use the above caption, number and initials until further order of the Court.

**IT IS FURTHER ORDERED** that Plaintiff show cause in writing on or before **5:00 p.m. on Monday, June 16, 2008** why this lawsuit should not be dismissed without prejudice due to the *Rooker-Feldman* or *Younger* doctrines.

**IT IS FURTHER ORDERED** that the Clerk shall **seal** the Petition for Removal and its attached, unnumbered exhibit (Dependency Petition) until further order of the Court.

DATED this 16th day of May, 2008.

Lawrence O. Anderson
United States Magistrate Judge