**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Victor O. Dema, | ) | No. CV-08-0900-PHX-LOA |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| State of Arizona; et al. | ) ) | |
| Defendants. | ) ) | |
| | ) | |

On May 30, 2008, Plaintiff Victor O. Dema ("Plaintiff" or "Dema") expressly consented in writing to magistrate-judge jurisdiction pursuant to 28 U.S.C. § 636(c). (docket # 10)

Responding to the Court's May 16, 2008 Order to Show Cause ("OSC") to show cause in writing why this lawsuit should not be dismissed without prejudice due to, *inter alia*, the *Younger* doctrine, Dema timely filed his Response to OSC on June 9, 2008. (docket # 13) Dema argues that extraordinary circumstances exist for this District Court "to accept jurisdiction and grant relief demanded in this action." (*Id.* at 5) This Court will discuss hereinafter whether Dema's claim of extraordinary circumstances justify making an exception to the *Younger* doctrine.

///

///

1

## **BACKGROUND**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

*Pro se* Plaintiff's timely-filed Amended Petition for Removal is a combination of an amended removal petition and § 1983 complaint. (docket # 11) Dema seeks only injunctive relief and no monetary damages. (*Id.*)  The amended *pro se* pleading provides more clarity than his initial Petition on the nature of his claims.  Raising neither a claim on behalf of his minor child nor appealing an Arizona juvenile delinquency proceeding regarding his child, it is clear that Dema is attempting to remove an open, active and on-going State of Arizona juvenile dependency proceeding (JD 507198) to this United States District Court.  (docket # 11)  The Dependency Petition, attached as an exhibit to the initial Petition, indicates that the State recently filed the juvenile dependency proceeding on April 2, 2008. (docket # 1; Exhibit 1)  The Amended Petition alleges that on May 7, 2008, the Maricopa County Juvenile Court, Southeast facility in Mesa, after appointing Plaintiff's daughter, age 14, a guardian *ad litem*, "granted the state child protective services' recommendation to make [Dema's] child a  ward of the state court . . . in the physical custody of child protective services . . . ." (*Id*. at 5, ¶ X)  The State is also apparently seeking to terminate Dema's parental rights to his daughter after, as he alleges, he has "raised Her (sic) single handedly from the tender age of three months till (sic) over her fourteenth birthday."  (*Id*. at 1, 8)  In addition to seeking removal of the juvenile dependency proceeding pursuant to "Title 28 U.S.C.A. § 1446(b)," *id*. at 1, Dema  requests "immediate and prompt judgment" against the State of Arizona and its employees "in [the] form of injunctive relief, cease and decease (sic) or restraining order" due to his personal, emotional and "mental injuries" and the deprivation of his constitutional rights and his "liberty interest in the care, custody and control of his" minor child.  (*Id*. at 9, ¶ VII (sic)) Dema also alleges that his teenage child has "lost consciousness" due "to shock treatments at the state treatment center," *id*. at 6, ¶ XII, and that he may permanently lose "filial consortium by possible death of his Daughter . . . [due to] unprovoked dangerous shock treatments in the state approved juvenile facility."  (*Id*. at 9, ¶ VII (sic))

28

1     Defendants have not been served with process to date nor have they otherwise

2     appeared in this federal litigation.

3                              **THE *YOUNGER* DOCTRINE**

4     A federal district court is a court of limited jurisdiction, and the burden of

5     establishing jurisdiction is on the party claiming jurisdiction. *McNutt v. General Motors*

6     *Acceptance Corp.*, 298 U.S. 178, 182-183 (1936). "A federal court is presumed to lack

7     jurisdiction in a particular case unless the contrary affirmatively appears." *Stevedoring Servs.*

8     *of Am., Inc. v. Eggert*, 953 F.2d 552, 554 (9th Cir.1992) (quoting *Stock West, Inc. v.*

9     *Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir.1989)). "A [district] court has an

10    obligation to inquire *sua sponte* into its subject matter jurisdiction, and to proceed no further

11    if such jurisdiction is wanting." *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 665 (9th Cir.

12    2003*)*.

13    In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court "espouse[d] a

14    strong federal policy against federal-court interference with pending state judicial

15    proceedings" and held that a federal court should not enjoin pending state criminal

16    proceedings and, therefore, should abstain from hearing the suit." *H.C. v. Koppel*, 203 F.3d

17    610, 613 (9th Cir. 2000) (citation omitted) (mother filed complaint against California trial

18    court, state trial court judge, and minor child's guardian *ad litem*, seeking an injunction

19    ordering state court and judge to vacate certain child custody orders. *Younger* abstention

20    required federal courts to refrain from interference.) In *Younger*, the Supreme Court decided

21    that a federal district court lacked jurisdiction to enjoin the County of Los Angeles from

22    prosecuting the plaintiff. The Court held that federal courts should not intervene in ongoing

23    state proceedings and "the normal thing to do when federal courts are asked to enjoin

24    pending proceedings in state courts is not to issue such injunctions ." *Younger*, 401 U.S. at

25    45.

26    ///

27    ///

28

1  "Absent extraordinary circumstances, *Younger* abstention is required if the

2  state proceedings are (1) ongoing, (2) implicate important state interests, and (3) provide the

3  plaintiff an adequate opportunity to litigate federal claims." *San Remo Hotel v. San*

4  *Francisco*, 145 F.3d 1095, 1103 (9th Cir. 1998) (citing *Hirsh v. Justices of the Supreme*

5  *Court*, 67 F.3d 708, 712 (9th Cir. 1995)).  When these criteria are met, "a district court must

6  dismiss the federal action . . . [and] there is no discretion to grant injunctive relief." *Juidice*

7  *v. Vail*, 430 U.S. 327, 337 (1977).

8  Although *Younger* dealt with an injunction against a state criminal proceeding,

9  *Younger's* concern for comity and federalism is equally applicable to certain civil

10  proceedings in which important state interests are implicated. *Ohio Civil Rights Commission*

11  *v. Dayton Christian Schools, Inc*., 477 U.S. 619 (1986) (administrative civil rights

12  proceeding); *Moore v. Sims*, 442 U.S. 415 (1979) (child custody proceeding);  *Middlesex*

13  *County Ethics Committee v. Garden State Bar Ass'n*., 457 U.S. 423 (1982) (state bar

14  disciplinary hearing); *Juidice v. Vail*, 430 U.S. 327 (1977) (civil contempt proceeding).

15  *Younger's* abstention policy is based on the promotion of comity, respect for state functions,

16  and concern that federal court injunctions might hamper state criminal prosecutions.

17  *Younger*, 401 U.S. at 43.  In the Ninth Circuit and unlike, at least, the Sixth Circuit,[1]

18  "[w]here *Younger* abstention is appropriate, a district court cannot refuse to abstain, retain

19  jurisdiction over the action, and render a decision on the merits after the state proceedings

20  have ended. To the contrary, *Younger* abstention requires dismissal of the federal action."

21  *Beltran v. State of Cal*., 871 F.2d 777, 782  (9th Cir. 1988) (citing, among others, 17A C.

22  Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4252 at 202-03 & n. 17

23  (2d ed. 1988)); *World Famous Drinking Emporium v. City of Tempe*, 820 F.2d 1079, 1081

24

25  [1] When *Younger* abstention is warranted in a Sixth Circuit case, the district court has

26  the option of either dismissing the case without prejudice or holding the case in abeyance.

27  *Coles v. Granville*, 448 F.3d 853, 865 (6th Cir. 2006) (citing *Carroll v. Mt. Clemens*, 139 F.3d 1072, 1075 (6th Cir. 1998)).

28

- 4 -

(9th Cir. 1987) ( "When a case falls within the proscription of *Younger*, a district court must dismiss the federal action").

An exception to *Younger* abstention arises if bad faith, harassment or some other extraordinary circumstance in the state proceedings would make abstention inappropriate. *Middlesex County Ethics Comm.*, 457 U.S. at 437; *Baffert v. California Horse racing Bd.*, 332 F.3d 613, 617 (9th Cir. 2003). "In the *Younger* abstention context, bad faith 'generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction.'" *Baffert*, 332 F.3d at 621 (citing *Kugler v. Helfant*, 421 U.S. 117, 126 n. 6 (1975)).

The Supreme Court, the Ninth Circuit and other circuits have specifically held that claims related to ongoing juvenile proceedings in state court are properly dismissed in federal court pursuant to the *Younger* abstention doctrine. *Moore v. Sims*, 442 U.S. 415 (1979) (*Younger* abstention appropriate in context of state child removal proceedings due to allegations of child abuse); *Safouane v. Fleck*, 226 Fed. Appx. 753, 758-59 (9th Cir. 2007) ("There does not seem to be a genuine dispute between the parties that at the time this action was filed, proceedings regarding two of the minor children were pending in the state court . . . or that the Safouanes had the opportunity to raise their claims in those proceedings. The claims seeking injunctive or declaratory relief related to those proceedings were subject to dismissal pursuant to *Younger* abstention."); *Chapman v. Oklahoma*, 472 F.3d 747 (10th Cir 2006) (suit filed in federal court attempting to challenge, on behalf of himself and others adjudicated by an Oklahoma state court to be a noncustodial parent, alleged constitutional violations in the family court system of the State of Oklahoma dismissed under *Younger*); *31 Foster Children v. Bush*, 329 F.3d 1255 (11th Cir. 2003) (applying *Younger* abstention based on presumption that requested injunctive relief would interfere with juvenile court proceedings).

The *Younger* doctrine is usually raised in a motion to dismiss for failure to state a claim upon which relief can be granted. *Kitchens v. Bowen*, 825 F.2d 1337, 1339 (9th Cir. 1987). A district court may, however, inquire *sua sponte* into its subject matter jurisdiction,

and to proceed no further if such jurisdiction is wanting. *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 665 (9th Cir. 2003*)*.

## **DISCUSSION**

Here, clearly the State's juvenile dependency and parental severance proceedings are active and underway in Arizona's juvenile court system. This federal lawsuit is a classic example of the applicability of the *Younger* doctrine because Plaintiff seeks solely injunctive relief that, if granted, would substantially interfere in the State's proceedings. Thus, the first condition for *Younger* abstention is met in that the State proceedings are ongoing.

Secondly, Arizona courts have repeatedly recognized the importance of the parent-child relationship: "The right to have custody and care of one's own children is among our most precious liberties. The ability to permanently deprive a parent of that right is one of the most awesome powers of the state. This explains why [Arizona] courts have repeatedly emphasized that severance is a last resort, to be used 'only in the most extraordinary circumstances, when all other efforts to preserve the [parental] relationship have failed.'" *Michael J. v. Arizona Dept. of Economic Sec.*, 196 Ariz. 246, 253, 995 P.2d 682, 689 (Ariz. 2000) (Zlaket, Chief Justice, concurring in part and dissenting in part) (citations omitted). Additionally, in dependency proceedings, the State's juvenile court's purpose is to resolve the matter in the best interest of the child. *Ariz. Dept. Econ. Sec. v. Superior Court*, 178 Ariz. 236, 239, 871 P.2d 1172, 1175 (App.1994) ("The primary consideration in a dependency case is always the best interest of the child." ). Under Arizona's statutory scheme, it is also the best interests of the child, not the parent's, that are paramount in a dependency proceeding. A.R.S. § 8-843(A) ("At any dependency hearing, the court's primary consideration shall be the protection of a child from abuse or neglect."); *Diana H. v. Rubin*, 217 Ariz. 131, 171 P.3d 200, 207 (Az.Ct.App. 2007). Yet a parent's important interests in his relationship with his child are not trivialized in juvenile court as Arizona's dependency statutes embody a legislative judgment that a child's interests are best served by the presumptive goal of reunifying the parent and child. See, e.g., A.R.S. §

8-845(C) ("[I]n reviewing the status of the child, the court, insofar as possible, shall seek to reunite the family."); A.R.S. § 8-843(E)(1) (at initial dependency hearing "the court shall order the department to make reasonable efforts to provide services to the child and parent to facilitate the reunification of the family"); A.R.S. § 8-843(B) ("At the initial dependency hearing, the court shall ensure that the parent or guardian has been advised of the following rights: 1. The right to counsel, including appointed counsel if the parent or guardian is indigent. 2. The right to trial by the court on the allegations in the petition. 3. The right to cross-examine all witnesses that are called to testify against the parent or guardian. 4. The right to use the process of the court to compel the attendance of witnesses."). Furthermore, "[t]he presumptive goal of family reunification in turn suggests a state interest in fostering a parent's continued engagement in the upbringing of the dependent child to the extent possible, even after legal custody of the child has passed to the state." *Diana H.*, 171 P.3d at 207. In fact, the Report to the Juvenile Court for Preliminary Protective Hearing and/or Initial Dependency Hearing, dated April 10, 2008, confirms that CPS' goal in the subject dependency case is "Family reunification." (sealed docket # 8, Exhibit B, at III(A), p. 24) Clearly, the second prong of the *Younger* doctrine is established here because the State dependency proceedings, by statute and case law, ensure that the best interests of the minor child and the constitutional rights of a parent are met with the goal of fostering a healthy parent-child relationship. These are important family interests to the State of Arizona.

Finally, Plaintiff has not shown that the Arizona court system is an inadequate forum to hear his constitutional challenges to the juvenile court's orders or the state family court system. The Supreme Court has made emphatically clear its recognition that "[f]amily relations are a traditional area of state concern." *Moore*, 442 U.S. at 435; *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) ("[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States."). By implementing the State of Arizona's trial or appellate process, by hearing, direct appeal or special action with or without counsel, Plaintiff has the opportunity and means for judicial review of his constitutional claims or those of his child's. This District

1
2
3
4
5

Court's interference with Arizona's juvenile proceedings prevents "effectuation not only of state substantive policies, 'but also [prevents the state] from continuing to perform the separate function of providing a forum competent to vindicate any constitutional objections interposed against those policies." *Morrow v. Winslow*, 94 F.3d 1386, 1397 (10th Cir. 1996) (citing *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604 (1975)).

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

Dema's allegations that his daughter has had "forced psychiatric treatments," docket # 13, that include "shock treatments," docket # 11 at 3, are a matter of serious concern but those allegations generally must be raised and addressed in the first instance by the State juvenile court, not the federal judiciary. It is not reasonable or rational to believe that the juvenile's court-appointed lawyer, Patricia O'Connor, her court-appointed guardian *ad litem*, Hollie Owsley, and Superior Court juvenile judge presiding over the subject dependency proceedings, are incapable or unwilling to protect the juvenile's U.S. constitutional rights, including her due process rights related to involuntary, forced medication and treatment, *Sell v. United States*, 539 U.S. 166 (2003); *Washington v. Harper*, 494 U.S. 210 (1990) (an individual has a significant liberty interest under the Due Process Clause of the Fourteenth Amendment in avoiding the unwanted administration of antipsychotic drugs), or are incapable or unwilling to consider the limited circumstances where forced treatment is constitutionally authorized or to make the necessary findings that must be made before forced medication or treatment is permitted. *United States v. Hernandez-Vasquez*, 513 F.3d 908 (9th Cir. 2008).

21
22
23
24
25
26
27
28

Plaintiff has not identified any valid "exceptional circumstances" to warrant this Federal Court's interference in the subject State's juvenile proceedings. Dema's unverified and unsubstantiated arguments in his Response to OSC are unavailing to establish exceptional circumstances. (docket # 13 at 5) Plaintiff has not remotely shown that the "bad faith" exceptional circumstance exists in the State's initiation of this dependency proceeding because if the allegations in the juvenile Dependency Petition, docket # 1; Exh.1, are proven to be true, there is no bad faith in the State's efforts to protect the best interests of Dema's teenage child. Moreover, there is no evidence that the State juvenile proceedings are, in

1   whole or in part, intended to harass Plaintiff or were initiated for any reason other than to

2   protect the best interests of this minor child. While there may likely be an additional ground

3   for dismissal of Plaintiff's action,[2] the *Younger* doctrine mandates dismissal at this time.

4           On the Court's own motion,

5           **IT IS ORDERED** that this lawsuit is hereby **DISMISSED** without prejudice

6   pursuant to the *Younger* abstention doctrine.

7           **IT IS FURTHER ORDERED** that Plaintiff's Motion to Proceed *In Forma*

8   *Pauperis*, docket # 4, and amended Motion to Proceed *In Forma Pauperis*, filed May 30,

9   2008, are **DENIED** as moot.

10          **IT IS FURTHER ORDERED** that directing the Clerk to please mail a

11  complete copy of this Order to (1) the Honorable Robert H. Oberbillig, Maricopa County

12  Superior Court Judge, Southeast Facility (JUV SE/SEJ), 1810 S. Lewis, Mesa, Az

13  / / /

14  / / /

15

16

17

18

19        [2] "[A]ny civil action brought in a State court of which the district courts of the United

20  States have original jurisdiction, may be removed by the defendant or the defendants, to the
    district court. . . ." 28 U.S.C. § 1441(a); *City of Chicago v. Int'l Coll. of Surgeons,* 522 U.S.
    156, 163 (1997). Thus, removal depends on whether the plaintiff could have filed the case

21  in federal court originally. District courts have original jurisdiction over "all civil actions
    arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *City*

22  *of Chicago*, 522 U.S. at 163. Not all cases that implicate federal law, however, are within §
    1331 jurisdiction. Rather, district courts have jurisdiction over "only those cases in which

23  a  well-pleaded complaint establishes either that federal law creates the cause of action or

24  that the plaintiff's right to relief necessarily depends on resolution of a substantial question
    of federal law." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1,

25  27-28 (1983). There is a "strong presumption" against removal jurisdiction and therefore

26  courts construe removal statutes restrictively. See, e.g., *Gaus v. Miles, Inc.*, 980 F.2d 564,
    566 (9th Cir. 1992) (stating that "[f]ederal jurisdiction must be rejected if there is any doubt

27  as to the right of removal in the first instance."). Clearly, state juvenile dependency

28  proceedings do not arise under the Constitution, laws, or treaties of the United States.

85210-6234; (2) Patricia O'Connor, Esq., P. O. Box 11688, Chandler, Az  85248; and (3)

Hollie Owsley, Esq., P. O. Box 38309, Phoenix, Az  85069.

DATED this 13th day of June, 2008.

Lawrence O. Anderson
United States Magistrate Judge

- 10 -